IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 17-201 |
| | : |
| LIZMARIE RIVERA-TORRES | : |

### AMENDED JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of the defendant pleading guilty to Counts Two and Three, the defendant is required, pursuant to Title 18 United States Code, Section 1594(b)(1), to criminally forfeit her interest in any property, real or personal, constituting or traceable to proceeds obtained directly or indirectly as a result of such violations, and any property that was involved in, or used or intended to be used to commit or promote or facilitate the commission of such violations, as charged in Counts Two and Three of the Indictment.

2. The Court has determined that the following specific property is subject to forfeiture as a result of the defendant pleading guilty to the illegal acts alleged in Counts Two and Three of the Indictment, and, based on the facts set forth at the defendant's change of plea hearing, the government has established the requisite nexus between such property and such offenses:

    a) One Samsung Galaxy Note 5 cellular phone, with serial number 35375707148985; and

    b) One Apple iPhone 7 cellular phone, with serial number BCG-E3091A.

as the property involved in the commission of the said violations (hereinafter referred to as the "Subject Property").

2 certified copies

3. Upon the entry of this Order, the United States is authorized to seize the Subject Property, described at paragraph 2 above, and to dispose of the Subject Property in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4. Pursuant to Title 21, United States Code, Section 853(n)(1) and Title 28, United States Code, Section 2461(c), the United States Government shall put notice on an official internet government forfeiture site for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

6. Any person, other than defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 United States Code, Section 853(n)(6).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. See United States v. Bennett, 423 F.3d. 271 (3rd Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

8. Following the disposition of any petition filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

11. In its discretion, the United States is authorized to serve a copy of this Order directly upon the defendant.

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the Federal Bureau of Investigation ("FBI"); and to counsel for the parties.

ORDERED this 24th day of August, 2018.

_____
HONORABLE MITCHELL S. GOLDBERG
*Judge, United States District Court*